# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:13-cr-00002-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| (1) EUDINE TRENAE WILSON and | ) | |
| (2) MARIE LUZINSKI RAYMOND. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Marie Luzinski Raymond's Motion to Continue Docket Call [Doc. 91]. Defendant Eudine Trenae Wilson joins in Defendant Raymond's motion [Doc. 92].

Defendant Raymond seeks a continuance of the trial of this matter, which is currently scheduled to take place during the January 6, 2014 trial term. [Doc. 91]. For grounds, counsel notes that a Memorandum and Recommendation has been filed regarding the Defendants' motions to suppress, and that objections have been filed are currently under advisement with the Court. [See Docs. 85, 86]. The Government does not oppose the Defendants' request for a continuance. [Doc. 91].

The Court finds that this case should be continued. The Speedy Trial Act excludes from the time within which a defendant must be brought to

trial "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Speedy Trial Act further excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). As noted above, the Magistrate Judge's Memorandum and Recommendation on the Defendants' suppression motions is currently under advisement by the Court. It is unlikely that the Court can rule on the parties' objections to the Memorandum and Recommendation sufficiently in advance of the January 6, 2014 trial term in order to allow the parties an adequate opportunity to prepare for trial in light of the Court's ruling. Under these circumstances, the Court finds that a failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

Because no motion for severance has been granted, the continuance of Defendant Raymond's case justifies the continuance of Defendant Wilson's case as well. See 18 U.S.C. § 3161(h)(6) (allowing for exclusion of "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant Wilson's motion for joinder [Doc. 92] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Marie Luzinski Raymond's Motion to Continue Docket Call [Doc. 91] is **GRANTED**, and the above-referenced Defendants are hereby **CONTINUED** from the January 6, 2014 term in the Asheville Division.

**IT IS SO ORDERED**.

Signed: December 30, 2013

Martin Reidinger
United States District Judge